UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ALBERT T. PEASLEE, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00451-SDN |
| | ) | |
| SHERIFF OF TWO BRIDGES COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff, who is in custody at the Terre Haute Federal Correctional Institute in Indiana, has filed a complaint against the sheriff of Two Bridges County Jail in Maine regarding the conditions of his confinement in the jail in 2023 and 2024 . (Complaint, ECF No. 1.)  Plaintiff's complaint is subject to a preliminary review "before docketing, if feasible or … as soon as practicable after docketing," because plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that while in custody at Two Bridges County Jail as the result of "an unwritten, policy, procedure, or custom,' a sergeant at the jail denied him "his religious diet, and [his] request for religious change." (Complaint at 3.)  Plaintiff alleges that because

he was not provided his requested diet, he gained significant weight and has been diagnosed with Type 2 diabetes. (*Id.*)

## LEGAL STANDARD

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013); s*ee also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal

standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

The Eighth Amendment prohibition on cruel and unusual punishments governs prisoners' treatment after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).

Prisoners have the right to nutritionally adequate food. *Domegan v. Fair*, 859 F.2d 1059, 1064 (1st Cir. 1988). Plaintiff, however, has not alleged that the meals provided were inadequate to sustain his health. Rather, Plaintiff alleges that he was denied his "religious diet."

To show that a jail or prison has infringed a plaintiff's First Amendment free exercise rights, he or she must allege facts to show that the plaintiff was coerced to engage in a particular religious practice, *Marrero-Mendez v. Calixto-Rodriguez*, 830 F.3d 38, 46 (1st Cir. 2016), was treated unfavorably based on animosity toward the plaintiff's religion, *Kuperman v. Wrenn*, 645 F.3d 69, 77–78 (1st Cir. 2011) or was prevented from participating in a religious practice on grounds not "reasonably related to legitimate penological interests," *Turner v. Safley*, 482 U.S. 78, 89 (1987). Courts consider at least

four factors when determining whether a restriction on a religious practice is constitutional: (1) whether there is a valid, rational connection between the regulation and the legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open; (3) the extent of the impact the accommodation would have on guards and other inmates, and on the allocation of prison resources; and (4) the absence of alternatives to the prison regulation. *Id.* at 89–90.

Title 42, Chapter 21C, of the United States Code, entitled "Protection of Religious Exercise in Land Use and by Institutionalized Persons" (RLUIPA), also prohibits state prisons receiving federal funds from imposing "a substantial burden on the religious exercise" of inmates, "even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson,* 544 U.S. 709, 721 (2005). "RLUIPA provides greater protection to inmates' free-exercise rights than does the First Amendment." *Kuperman*, 645 F.3d at 79.

To state a claim for violation of RLUIPA, a prisoner must allege facts that support an inference that the prisoner "wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government. *LeBaron v. Spencer*, 527 Fed. App'x 25, 28-29 (1st Cir. 2013) (internal

quotation marks omitted). In this context, a substantial burden "is one that puts 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Id.* at 29 (quoting *Spratt v. Rhode Island Dep't of Corr.*, 482 F.3d 33, 38 (1st Cir. 2007)).[1]

Here, Plaintiff has not alleged sufficient facts to support a First Amendment claim or a claim under RLUIPA. Plaintiff's complaint consists of conclusory allegations, which are insufficient to state an actionable claim. *Aschroft v. Iqbal*, 556 U.S. 662, 680 – 81 (2009). For instance, Plaintiff asserts that he was denied his religious diet and request for a religious change, but he does not allege the substance of any requests he made, to whom he made requests, or Defendants' response to any requests that he made. In short, Plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Dismissal, therefore, is warranted.

## CONCLUSION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss the matter.

## **NOTICE**

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[1] Most circuit courts have concluded that RLUIPA does not authorize "individual capacity" claims against individuals as under § 1983. *See Stewart v. Beach*, 701 F.3d 1322, 1334-35 (10th Cir. 2012) (collecting cases and explaining that RLUIPA was enacted pursuant to Spending Clause authority, and therefore operates like a contract between governments and does not run against individual employees except in their official capacities). Furthermore, even against an institutional defendant, RLUIPA does not authorize a claim for money damages. *Sossamon v. Texas*, 563 U.S. 277, 293 (2011); *Reese v. Bouffard*, No. 1:14-cv-00244-GZS, 2015 WL 1947192, at *7, 2015 WL 1947192, at *7 (D. Me. Jan. 28, 2015) (recommended decision), *aff'd* (Apr. 29, 2015).

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                      /s/ John C. Nivison
                                      U.S. Magistrate Judge

Dated this 26th day of September, 2025.